# FOR PUBLICATION



FILED

May 28 2014, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TYRECE ROBERTSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1310-CR-487 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara Cook Crawford, Judge
Cause No. 49F09-1204-FD-26097

**May 28, 2014**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Tyrece Robertson ("Robertson") was convicted of Attempted Residential Entry, as a Class D felony,[1] and Criminal Mischief, as a Class B misdemeanor.[2] He now appeals.

We reverse.

**Issue**

Robertson raises one issue for our review: whether the trial court erred when it overruled his Batson challenge contesting the State's use of a peremptory challenge to strike a juror.

**Facts and Procedural History**

Around 2 a.m. on April 20, 2012, Steven Cargill ("Cargill") was in his apartment in Indianapolis when he heard someone banging on his door loud enough to wake him up from sleep at the opposite end of the apartment. Cargill twice went to his door to look through the peephole; both times, no one was visible. Cargill then noticed someone in the parking lot near his apartment patio using a flashlight to look inside the parked cars.

The knocking began a third time. This time, when Cargill went to the door, he saw two individuals—one of whom would later be identified as Robertson—at his door, and he saw Robertson trying to "mule kick" the door open. Cargill grabbed his cell phone, called 911, and braced his back against the door to keep it from bursting open. The banging eventually stopped.

---

[1] Ind. Code §§ 35-43-2-1.5 & 35-41-5-1.

[2] I.C. § 35-43-1-2.

Soon after, Robertson and the other individual left the door of Cargill's apartment. At about this time, police arrived and arrested Robertson and his companion.

On April 20, 2012, the State charged Robertson with Attempted Residential Entry, as a Class D felony, and Criminal Mischief, as a Class B misdemeanor.

A jury trial was conducted on July 31, 2013. During jury selection, the State used peremptory strikes to remove several potential jurors from the venire, including Venireperson Lisenbee, who was African American. Robertson raised a Batson challenge, which the trial court overruled. After the jury was impaneled, the trial was conducted, and Robertson was found guilty as charged.

On September 9, 2013, the court conducted a sentencing hearing. At the hearing's conclusion, the trial court entered judgments of conviction against Robertson and sentenced him to 1 ½ years imprisonment for Attempted Residential Entry, with 170 days suspended to probation, and 180 days imprisonment for Criminal Mischief, with the sentences run concurrent with one another.

This appeal ensued.

**Discussion and Decision**

Batson Challenge

Robertson challenges his conviction solely on the basis of the trial court's overruling of his Batson challenge to the State's peremptory strike of an African-American venireperson.

As our supreme court has observed,

> "Purposeful racial discrimination in selection of the venire violates a defendant's right to equal protection because it denies him the protection that a trial by jury is intended to secure." Batson v. Kentucky, 476 U.S. 79, 86, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The exclusion of even a sole prospective juror based on race, ethnicity, or gender violates the Fourteenth Amendment's Equal Protection Clause. See Snyder v. Louisiana, 552 U.S. 472, 478, 128 S.Ct. 1203, 170 L.Ed.2d 175 (2008).

Addison v. State, 962 N.E.2d 1202, 1208 (Ind. 2012).

A Batson challenge involves a three-step process. First, the defendant need "only show circumstances raising an inference that discrimination occurred," commonly referred to as a prima facie showing of discrimination. Id. (citing Johnson v. California, 545 U.S. 162, 170 (2005)). Once the defendant makes a prima facie showing of discrimination on the part of the State in the use of a peremptory challenge, the burden shifts to the State to provide a race-neutral basis for striking the juror. Id. (citing Snyder, 552 U.S. at 477). Finally, the trial court must determine whether, in light of the parties' submissions, the defendant has demonstrated that the State engaged in racially-based purposeful discrimination against the challenged juror. Id. (citing Snyder, 552 U.S. at 477).

Here, Robertson contends that the trial court erroneously concluded that he failed to establish a prima facie case of discrimination. To establish a prima facie case of discrimination,

> the party contesting the challenge must show that:
>
> (1) the juror is a member of a cognizable racial group; (2) [the challenging party] has exercised peremptory challenges to remove that group's members from the jury; and (3) the facts and circumstances of this case raise an inference that the exclusion was based on race.

Ashabraner v. Bowers, 753 N.E.2d 662, 664 (Ind. 2001) (citations and quotations omitted).

4

The Indiana Supreme Court has further held:

Although the removal of some African American jurors by the use of peremptory challenges does not, by itself, raise an inference of racial discrimination, see Kent v. State, 675 N.E.2d 332, 340 (Ind. 1996), the removal of "'the only ... African American juror that could have served on the petit jury' does 'raise an inference that the juror was excluded on the basis of race.'" McCormick v. State, 803 N.E.2d 1108, 1111 (Ind. 2004) (quoting McCants v. State, 686 N.E.2d 1281, 1284 (Ind. 1997)). See also Johnson [v. California], 545 U.S. [162,] 173, 125 S.Ct. 2410 (finding that striking all three African Americans in the venire was sufficient to constitute a prima facie case of discrimination).

Addison v. State, 962 N.E.2d 1202, 1208-09 (Ind. 2012). The fact that "the only black member of the venire" was removed from the jury "establishes a prima facie case of racial discrimination" under the Batson test. Ashabraner, 753 N.E.2d at 667 (citing McCants v. State, 686 N.E.2d 1281, 1284 (Ind. 1997)).

Here, Venireperson Lisenbee was part of a cognizable racial group, and the State exercised a peremptory challenge to remove Venireperson Lisenbee—the only African American subject to voir dire to that point—from the pool of jurors. Robertson asserts that this is enough to establish a prima facie case, and directs us to this exchange among the State, the court, and his trial counsel:

THE COURT:    Okay. There's more to it than just because you strike a person who's black off the jury that there's a – that there's an issue.

***

[ROBERTSON]:    But [] the defense only has the burden of proving a prima facie case in that they struck black jurors…

THE COURT:    A black person?

5

[ROBERTSON]:    [E]ssentially, yes.  And – and then the burden shifts to the State to prove uh, the rest of the case.  We only ha – at this point, we only have the burden of prima facie evidence…

***

[STATE]:    Your Honor, I don't think they have made a prima facie case.  He said a hundred percent of the African-American jurors on the panel.  She was the only African-American juror on the panel.  Um, that was the – by chance that's how it happened.

***

THE COURT:    There – I mean the – the purpose of <u>Batson</u> is making sure that there is not a systematic way uh, that the State has chosen to eliminate people who are of color on the – on the jury.

***

THE COURT:    And, there has to have been the – some showing that – that there has been that; that there has been some kind of systematic elimination of people.  Now, she was not the only black person in the panel at the son [sic] – at the time.

(Tr. at 228-29.)

The court then overruled Robertson's <u>Batson</u> challenge.

We agree with Robertson that this was error.  Both parties acknowledge that, in this case, neither Robertson nor the State had an opportunity to conduct voir dire of the other African-American member of the venire.  Because the trial court did not move to the second step in the <u>Batson</u> analysis—requiring the State to present a facially race-neutral reason for using a peremptory strike—the court did not conclude that Robertson had established a prima facie case of discrimination.  Yet, as Robertson points out, the only African-American juror that was subject to voir dire—Venireperson Lisenbee—was stricken from the jury.

6

Thus, for all intents and purposes, the State used its peremptory challenges to strike the only African-American member of the venire. The Indiana Supreme Court has held clearly and on several occasions that striking from the venire the only African American juror that could have served on the petit jury is prima facie evidence of discriminatory intent and satisfies the initial burden under Batson. Cartwright v. State, 962 N.E.2d 1217, 1222 (Ind. 2012). This case is no exception. And because "the exclusion of even a sole prospective juror based on race, ethnicity, or gender violates the Fourteenth Amendment's Equal Protection Clause," Addison, 962 N.E.2d at 1208, we conclude that Robertson's rights under the Fourteenth Amendment to the U.S. Constitution were violated. Accordingly, we reverse the judgment of the trial court and remand the case for a new trial.[3]

Reversed.

KIRSCH, J., and MAY, J., concur.

---

[3] We note that the charges of which Robertson was found guilty at trial, Attempted Residential Entry and Criminal Mischief, relied upon the same evidence, Robertson's kicking and damaging of the door to Cargill's apartment. This appears to have amounted to a violation of the double jeopardy protections afforded by the actual evidence test articulated in Richardson v. State, 717 N.E.2d 32 (Ind. 1999). Because we reverse on other grounds, however, we do not address the matter further today.